# BERNARD COSTELLO, RESPONDENT, *v.* ANN T. DALE, APPELLANT.

*Mechanics' lien — items of work — action to enforce a lien for labor — Chap.* 558, 1869.

The plaintiff performed certain services, under a written contract to plaster a house for a fixed sum. Work was commenced in April, 1872. The plaintiff did other work by order of the defendant, from time to time during the summer, the last item of work being performed 14th August, 1872.. The lien was filed 7th September, 1872. The defendant asked the court to charge that, as matter of law, all work done previous to thirty days before the filing of the lien, must be excluded. The court refused so to charge. *Held,* that such refusal was proper. The lien act (chapter 558, 1869) gives liens for labor done, provided the notice is filed within thirty days after the performance and completion of such labor. The plaintiff's evidence tended to show that it was all really one piece of work, although the items were directed to be done, and were done, at different times between April and the fourteenth of August, and he was entitled, under the lien act, to recover for all his labor.

APPEAL from a judgment of the County Court of Westchester county in favor of the plaintiff, entered upon a verdict.

*George A. Black,* for the respondent.

*Mundy & Stout,* for the appellant.

Opinion by BARNARD, P. J.

Present—BARNARD, P. J., TAPPEN and TALCOTT, JJ.

\* Judgment affirmed, with costs.

---

# JOHN DEVLIN, RESPONDENT, *v.* GEORGE D. CRARY AND OTHERS, APPELLANTS.

*Sale — Delivery.*

This action was brought to recover the price of certain whiskey, sold and delivered by the plaintiff to the defendant.

The defendants disputed the price, denied that the delivery was complete, and alleged that the goods were seized by the United States Government, by reason

\* See Goodale v. Walsh, 2 N. Y. Sup. Ct. R., 311.

of certain unlawful acts of the plaintiff. The action was referred, and the referee found that the sale and delivery were complete, and determined the value of the goods. *Held*, that " the evidence fully sustained the referee in his finding," and " that without proof that the whiskey was seized by the United States Government for the plaintiff's acts, or his omissions to act, the defendant was liable."

APPEAL from a judgment in favor of the plaintiff, entered on the report of a referee.

*De Witt & Johnson*, for the plaintiff.

*E. T. Wood*, for the defendant.

Opinion by BARNARD, P. J.

Present—BARNARD, P. J., TAPPEN and TALCOTT, JJ.

Judgment affirmed, with costs.

---

EDWARD MORAN, RESPONDENT, *v.* EDWARD A. DARRIN, APPELLANT.

*Contract — Fraud — Party entitled to recover money paid under fraudulent contract.*

On the execution of a contract for the conveyance of land, the plaintiff was defrauded by an intentional omission of part of the property, which the defendant agreed to convey. The fraud was not known to the plaintiff, and, after its discovery, the defendant having refused to execute a contract such as should have been drawn, *held*, that the plaintiff had a right to maintain his action to recover the money payments, and that the fraudulent contract gave defendant no right to retain the money.

APPEAL from a judgment, entered on a verdict in favor of the plaintiff.

*Ira D. Warren*, for the respondent.

*Charles Whelp*, for the appellant.

Opinion by BARNARD, P. J.

Present—BARNARD, P. J., TAPPEN and TALCOTT, JJ.

Judgment affirmed, with costs.